IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MARVIN PEARSON                                                                                  PETITIONER

V.                                                   CIVIL ACTION NO.: 3:18CV198-NBB-DAS

STATE OF MISSISSIPPI and
ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI                    RESPONDENTS

## ORDER OF DISMISSAL

Petitioner Marvin Pearson, an inmate housed at the Marshall County Correctional Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his pleas and sentences for three counts of armed robbery and his parole ineligibility attendant to those convictions.

### I. Background

In July 2011, Pearson pleaded guilty to three counts of armed robbery in the Circuit Court of Tunica County and was sentenced to a term of fifteen years in the custody of the Mississippi Department of Corrections without the possibility of parole. Docs. #8-1 and #8-2. After filing unsuccessful post-conviction actions in the circuit court, Pearson filed the instant petition for federal habeas relief. *See* Doc. #1. After being directed to respond to the petition, Respondents subsequently moved to for dismissal. *See* Doc. #8. Pearson has failed to timely respond to Respondents' motion, and this matter is now ripe for consideration.

### II. Timeliness

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334

F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Therefore, Pearson's convictions became final on July 5, 2011, the date on which he was sentenced on his guilty plea. *See* Doc. #8-2; *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (holding that a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review"). Therefore, unless Pearson properly filed a post-conviction application as contemplated by 28 U.S.C. § 2244(d)(2) on or before July 5, 2012, his federal habeas petition is untimely.

The records submitted by Respondents demonstrate that Pearson has filed two motions for post-conviction relief in the Circuit Court of Tunica County, Mississippi, but that neither were filed prior to July 7, 2012. The first motion for post-conviction relief was signed by Pearson on March 5, 2014 and stamped as "filed" by the circuit court on March 12, 2014. *See* Doc. #8-3 (Cause No. 2014-0046). That motion was ultimately dismissed for lack of merit by Order filed September 15, 2014. *See* Doc. #8-4. Thereafter, Pearson signed a second motion for post-conviction relief on July 8, 2015, which was stamped "filed" by the circuit court on November 13, 2015. *See* Doc. #8-6 (Cause No. 2015-0138). The post-conviction motion was denied as untimely, successive, and for lack of merit. *See* Doc. #8-7. Pearson appealed this decision to the Mississippi Supreme Court, which dismissed the appeal as untimely on March 29, 2018. *See* Doc. #8-8. Pearson sought both rehearing and certiorari review of that decision, but those motions were likewise either denied or dismissed. *See* Doc. #8-9. Therefore, because both of Pearson's motions for post-conviction relief were not filed until well after the federal habeas statute of limitations expired, they cannot serve to toll the federal limitations period in this case. Accordingly, Pearson is not entitled to statutory tolling under § 2244(d)(2).

Pearson's federal habeas petition was post-marked August 28, 2018 and stamped as "filed" in this Court on September 14, 2018.[1] As such, Pearson's petition was filed over six years after the July 7, 2012 deadline for filing his federal habeas petition. Therefore, absent equitable tolling, his petition is barred by the statute of limitations.

Equitable tolling is appropriate only if a petitioner shows "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent

---

[1] Pearson did not sign his petition, but the Court presumes that Pearson's petition was post-marked the day it was delivered to prison officials for mailing. *See, e.g., Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (finding prisoner *pro se* filing deemed "filed" on date it is delivered to prison officials for mailing).

3

timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted). It is permitted only in "rare and exceptional circumstances." *Felder*, 204 F.3d at 170-71. This exception "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). In this case, Pearson argues that he is illegally sentenced and is entitled to a sentencing that involves parole. Such an argument fails to present a circumstance that warrants equitable tolling. *See, e.g., Williams v. Mississippi*, No. 3:17CV118-NBB-DAS, 2018 WL 312870, at *3 (N.D. Miss. Jan. 5, 2018) (noting there is no "illegal sentence" exception to the federal limitations period). Therefore, the Court finds that Pearson has not demonstrated that equitable tolling is appropriate in this case, and this action must be dismissed as untimely.

### III. Relief

The Court otherwise finds that, by way of relief, Pearson asks the Court to find he is parole-eligible. *See* Doc. #1 at 10. However, federal habeas relief for an inmate in custody pursuant to the judgment of a state court is available "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Therefore, an individual cannot maintain a federal habeas action unless he alleges the deprivation of some right secured to him by federal law. *Id.*; *see also Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984).

There is no constitutionally recognized right to parole. *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Under Mississippi law, absolute discretion regarding parole decisions rests with the Parole Board. *See* Miss. Code Ann. § 47-7-1, *et seq.*; *Mitchell v. State*, 561 So. 2d 1037, 1039

(Miss. 1990) ("The granting of parole or denial of parole. . . is the exclusive responsibility of the state parole board[.]"). Both the Mississippi Supreme Court and the Fifth Circuit have held that Mississippi's permissive parole statutes do not create a liberty interest that will support a habeas action for failure to parole. *See Davis v. State*, 429 So. 2d 262, 263 (Miss. 1983) (holding that the Mississippi parole law provides only "a mere hope that the benefit will be obtained"); *Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987) (citing *Irving v. Thigpen*, 732 F.2d 1215, 1217–1218 (5th Cir. 1984)( holding "the Mississippi [parole] statute does not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach")); *see also* Miss. Code Ann. § 47-7-1, *et seq*. Because Mississippi statutes provide no "legitimate claim of entitlement" to parole, but rather, merely the hope of it, Pearson cannot sustain a federal habeas action based on the denial of parole. *See Greenholtz*, 442 U.S. at 7. Accordingly, the Court otherwise determines that Pearson has failed to state a claim cognizable for federal habeas relief.

## IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon entry of a final order adverse to the petitioner. A petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which he or she may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition

5

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court finds that a COA should be denied in this case.

## V.  Conclusion

For the reasons as set forth herein, it is **ORDERED** that Respondents' motion [8] is **GRANTED**, and this petition for a writ of habeas corpus is **DISMISSED**.  A certificate of appealability is **DENIED**. A separate final judgment will enter today.

**SO ORDERED**, this 21st day of December, 2018.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE